**Mary Louise SMITH, Appellant,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 925.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

Joe W. Steelman, Houston, for appellant.

William C. Slusser, Baker & Botts, Houston, for appellee.

TUNKS, Chief Justice.

Danzie Wilkins was an insured under a group life insurance policy issued by the

appellee, The Prudential Insurance Company of America. His mother, Ader Coleman, was originally named as his beneficiary under the policy. On August 2, 1968, Wilkins executed and filed, in compliance with the terms of the policy, a written request that his beneficiary be changed to Algiua D. Wilkins, his wife. He died on January 17, 1969. Algiua D. Wilkins furnished the insurance company with proof of the insured's death and requested that she be paid the proceeds of the policy. The insurance company paid the proceeds to her on January 29, 1969.

In August of 1971, the appellant, Mary Louise Smith, filed suit against the insurance company to recover the amount of the policy proceeds. Ader Coleman survived Danzie Wilkins, but died in September of 1970. Appellant claims as assignee of the surviving heir of Ader Coleman. She contends that Danzie Wilkins did not have sufficient mental capacity to execute the change of beneficiary request at the time that he signed it and that his signature was procured by the use of undue influence. She also contends that the insurance company was negligent in not having investigated to determine whether the change of beneficiary request was a valid one.

■ Tex.Ins.Code Ann. art. 3.48 (1963), V.A.T.S., is controlling of this case. It provides that in the absence of notice of an adverse claim, payment by the insurance company of the proceeds of the policy to the designated beneficiary "shall discharge the company from all liability under the policy." Under the terms of that statute the plaintiff's allegations of lack of capacity and undue influence did not state a ground of recovery or impose on the defendant, in this summary judgment proceeding, the burden of negativing those allegations. The uncontroverted evidence shows that the insurance company had no notice of such alleged bases for appellant's claim before it paid the proceeds of the policy to the named beneficiary. In the absence of such notice the alleged facts, even if established by the evidence, would not fix liability on the insurance company. Renchie v. John Hancock Mut. Life Ins. Co., 174 S.W.2d 87 (Tex.Civ. App.-Fort Worth 1943, no writ).

■ The plaintiff's allegation that the insurance company was negligent in failing to investigate the validity of the beneficiary designation also fails to state a ground of recovery or to impose on the movant for summary judgment the burden of negativing the allegation. As stated, the evidence showed that the insurance company had no notice of any facts which would cast suspicion on the beneficiary designation. It thus had no duty to investigate its validity. Renchie v. John Hancock Mut. Life Ins. Co., *supra*.

The judgment of the trial court is affirmed.